Gregory K. Nelson, Esq., CSB No. 203029
Email: nelson@weeksnelson.com
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@weeksnelson.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gunnar Optiks, LLC**, a California limited liability corporation, | Case No.: **'14CV1938 BTM KSC** |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN AND CANCELATION OF TRADEMARKS |
| vs. | |
| **Mad Panda LLC**, a North Carolina limited liability corporation, | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff Gunnar Optiks, LLC (hereinafter referred to as "GUNNAR") hereby complains of Defendant Mad Panda, LLC (hereinafter referred to as "Mad Panda"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). The Defendant has sold infringing products in this district, attempted to pass off infringing products in this district, has directed sales and marketing efforts toward this district and/or own or operate retail stores on the internet and selling in this district at its website www.noscopeglasses.com.

## THE PARTIES

3. Plaintiff Gunnar Optiks, LLC is a limited liability corporation organized and existing under the laws of the State of California, having its principal place of business at 705 Palomar Airport Road, Suite 100, Carlsbad, California 92011, and doing business within this judicial district.

4. GUNNAR is informed and believes, and thereupon alleges that Defendant Mad Panda, LLC is a North Carolina limited liability corporation having its principal place of business located at 7301 Underwood Arbor Place, Cary, North Carolina 27518. GUNNAR is also informed and believes, and thereupon alleges, that Defendant is doing business within this judicial district at least on its website, www.noscopeglasses.com and on Ebay. GUNNAR is informed and believes, and thereupon alleges, that Defendant has been offering to sell, advertising and selling products, including the accused products, directly and in the stream of commerce knowing such products would be sold in California and in this judicial district.

… … …

… … …

## FACTUAL BACKGROUND

5. Since at least 2008, GUNNAR has been and continues to be actively engaged in the design, development, manufacture and sale of high performance digital eyewear for computer and gaming uses. GUNNAR is associated with and used by some of the leading industry personnel in the gaming industry and other industries, making it the most well-known and recognized eyewear for gamers.

6. GUNNAR is the designer, manufacturer and seller of its *Scope* eyewear models, which are widely recognized in the industry as originating with GUNNAR because of their distinctive look and marketing. Because of their unique styling, widespread marketing and advertising and successful sales, these products have become uniquely identifiable as having originated from GUNNAR.

7. GUNNAR is informed and believes, and thereupon alleges, that Defendant Mad Panda manufactures, imports, advertises, offers for sale and/or sells digital/gaming eyewear specifically designed and marketed to benefit from GUNNAR and its *Scope* eyewear line.

8. GUNNAR has expended substantial sums of money in the promotion of its *Scope* lines of products. As a result of GUNNAR's promotional efforts, mark *Scope* in conjunction with gaming/computer eyewear has become and is now widely known and recognized in this district and elsewhere as emanating from and authorized by GUNNAR. The *Scope* mark has become, through widespread public acceptance, a distinctive designation of the source of origin of goods offered by GUNNAR, and an asset of incalculable value as a symbol of GUNNAR and its quality goods and good will.

9. GUNNAR is informed and believes, and thereupon alleges, that the Defendant specifically designed, manufactured, imported, packaged, advertised, displayed and/or sold expressly to profit from the demand created for GUNNAR eyewear, and particularly its *Scope* line. In particular, GUNNAR is informed and believes, and thereupon alleges, that the products designed, made, imported offered

for sale, and/or sold by Defendant uses GUNNAR's *Scope* mark in marketing and on products.

10. GUNNAR is informed and believes and thereupon alleges that Defendant has advertised its GUNNAR eyewear copies via its website and by way of other media. GUNNAR is informed and believes and thereupon alleges that said advertising has drawn GUNNAR customers away from GUNNAR's website and its retailers, thereby causing damage to GUNNAR. In particular, Defendant advertises its products as "Compare to" GUNNAR, *RPG, Halogen,* and other GUNNAR eyewear. Moreover, Defendant markets and uses its "NoScope" mark in a manner that deceptively draws attention to the "Scope" part of the mark. Altogether, Defendant's use of Scope and its marketing creates a likelihood of confusion and/or initial interest confusion with consumers.

11. GUNNAR is informed and believes, and thereupon alleges, that Defendant's eyewear are inferior products to authentic GUNNAR eyewear. As a result, GUNNAR has been damaged significantly in the digital eyewear market. GUNNAR contends and believes that its image and the reputation of its products has been tarnished and diminished by Defendant's sale of GUNNAR copy sunglasses of inferior quality.

12. GUNNAR is further informed and believes and thereupon alleges that the presence of Defendant's eyewear in the marketplace damages the value of GUNNAR's exclusive rights. The presence of the copies in the marketplace is likely to diminish the apparent exclusivity of genuine GUNNAR products thereby dissuading potential customers who otherwise would have sought inherently distinctive GUNNAR eyewear designs. Upon information and belief, GUNNAR alleges that such deception has misled, and continues to mislead, and confuse many purchasers to buy the products sold by Defendant and/or has misled non-purchasers to believe the copies emanate from or are authorized by GUNNAR. As

a result, GUNNAR is informed and believes, and thereupon alleges, that Mad Panda has benefited and profited from the sale of its GUNNAR eyewear.

13.  GUNNAR is informed and believes and thereupon alleges that Defendant's sale of the allegedly infringing eyewear has resulted in lost sales, has reduced the business and profit of GUNNAR, and has greatly injured the general reputation of GUNNAR due to the inferior quality of the copies, all to GUNNAR's damage in an amount not yet fully determined.

14.  The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to GUNNAR, and neither are the exact amount of damages suffered by GUNNAR as a result of these activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendant's actions are irreparably injuring GUNNAR and will continue unless and until enjoined by this court.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement**

15.  GUNNAR realleges paragraphs 1 through 14 as though set forth fully at this point.

16.  This is an action for trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1125(a) against Defendant Mad Panda.

17.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

18.  GUNNAR marketed and sold its *Scope* eyewear prior to the Defendant, and at least earlier than December 2013. GUNNAR's *Scope* is designed for the gaming and computer markets, and is distinctive and well-recognized by the industry and consumers as emanating from GUNNAR. The GUNNAR *Scope* eyewear has enjoyed enormous commercial success, which is expected to continue, and have become, through wide-spread recognition, an indicator of GUNNAR as the source of the products.

19. GUNNAR is informed and believes and thereupon alleges that the Defendant's advertising and sale of its *NoScope* eyewear model constitutes trademark infringement and unfair competition, as a false designation of origin, a false description or representation of goods, and false representation to the consuming public that the Defendant's sunglasses originated from or somehow are authorized by or affiliated with GUNNAR. Further, Defendant's marketing creates an initial interest confusion with consumers.

20. GUNNAR is informed and believes and thereupon alleges that the actions of Defendant was done willfully, knowingly and maliciously with the intent to trade upon the good will of GUNNAR and to injure GUNNAR.

21. The Defendant's acts are in violation of 15 U.S.C. § 1125 (a) and will continue to the great and irreparable injury of GUNNAR until enjoined by this Court.

## SECOND CLAIM FOR RELIEF
**Unfair Competition**

22. GUNNAR realleges paragraphs 1 through 21 as though set forth fully at this point.

23. This is an action for unfair competition pursuant to 15 U.S.C. § 1125(a) against Defendant VCI.

24. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

25. GUNNAR has marketed and sold its eyewear, and particularly its *Scope* eyewear for the digital market with specific claims and emphasis. In doing so, it has adopted certain marketing approaches that focus on eye strain, distortion, and eye comfort. GUNNAR's marketing use of *Scope* draws attention to the mark in a specific way and style.

26. In marketing its *NoScope* eywear, Mad Panda has adopted the same marketing approach. VCI's marketing focuses on the same or similar marketing angles and language, sometimes using the same language as GUNNAR. Further,

Mad Panda's marketing focuses on the word *Scope* as opposed to "No Scope," further drawing attention to the similarities in the product. While Mad Panda sometimes claims that its glasses are "Compare to Gunnar" and various Gunnar models, all this does is cause additional confusion between the marks and products.

27. Mad Panda has unfairly competed with GUNNAR by not only suing GUNNAR's trademark, but in the manner of marketing to draw in GUNNAR customers. GUNNAR is informed and believes and thereupon alleges that Mad Panda undertook this course of action to benefit from the groundwork by and recognition of GUNNAR.

28. The Defendant's acts are in violation of 15 U.S.C. § 1125 and will continue to the great and irreparable injury of GUNNAR until enjoined by this Court. GUNNAR requests that the Court issue an order compelling Defendant to cease using similar marketing GUNNAR also requests that it be compensated by Defendant in an amount equal to the damage suffered by GUNNAR as a result of the unfair marketing and competition and a reasonable amount to allow GUNNAR to engage in clarifying and corrective marketing.

**THIRD CLAIM FOR RELIEF**
**Cancellation of Registration**

29. GUNNAR realleges paragraphs 1 through 28 as though set forth fully at this point.

30. This is an action for cancellation of a trademark under 15 USC Section 1052(e)(1) and (2), 1064(3).

31. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

32. Defendant is the owner of U.S. Trademark Registration No. 4,571,911 for "NoScope." Defendant has no protectable trademark rights in the term "NoScope" when used in connection with eyewear generally, and specifically protective, gaming and computer eyewear because GUNNAR has prior rights in the term "Scope" for protective, gaming and computer eyewear. Further,

Defendant's mark has not acquired any distinctiveness or achieved any secondary meaning.

33. Registration was improvidently allowed, and should be canceled.

**FOURTH CLAIM FOR RELIEF**
**Cancellation of Registration**

34. GUNNAR realleges paragraphs 1 through 33 as though set forth fully at this point.

35. This is an action for cancellation of a trademark under 15 USC Section 1052(e)(1) and (2), 1064(3).

36. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

37. Defendant is the owner of U.S. Trademark Registration No. 4,572,194 for a stylized version of "NoScope." Defendant has no protectable trademark rights in the term "NoScope" when used in connection with eyewear generally, and specifically protective, gaming and computer eyewear because GUNNAR has prior rights in the term "Scope" for protective, gaming and computer eyewear. Further, Defendant's mark has not acquired any distinctiveness or achieved any secondary meaning.

38. Registration was improvidently allowed, and should be canceled.

WHEREFORE, GUNNAR prays as follows:

1. That the Defendant VCI be adjudicated to have infringed GUNNAR's *Scope* trademark, and that said trademark rights are enforceable and owned by GUNNAR;

2. That Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant, be forthwith preliminary and thereafter permanently enjoined from using the *Scope* or *NoScope* trademarks;

3. For an assessment and award of damages against Defendant in an amount no less than GUNNAR's lost profits, Defendant's profits or a reasonable royalty for Defendant's infringement;

4. For an order canceling U.S. Trademark Registration Nos. 4,571,911 and 4,572,194;

5. For an assessment and award of damages against Defendant in an amount no less than the damages GUNNAR suffered as a result of unfair competition and marketing and a reasonable amount to allow GUNNAR to undertake corrective marketing;

6. For an order requiring Defendant to deliver up and destroy all infringing eyewear;

7. That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 15 U.S.C. § 1116(a); and

8. That Defendant be directed to file with this court and serve upon GUNNAR within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

DATED: August 19, 2014         WEEKS NELSON

/s/ *Gregory K. Nelson*
Gregory K. Nelson
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

DATED: August 19, 2014          WEEKS NELSON


/s/ *Gregory K. Nelson*
Gregory K. Nelson
Attorney for Plaintiff